UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVAN MIRANDA; EVELYN PEREZ,

                              Plaintiffs,

        -against-

YORKHILL HOUSING INC.; FIRST SERVICE
RESIDENTIAL; HOUSING PRESERVATION
AND DEVELOPMENT,

                              Defendants.

1:24-CV-9792 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

Plaintiffs Evan Miranda and Evelyn Perez, who are appearing *pro se*, filed this action

invoking the court's federal question jurisdiction, seeking damages and declaratory and

injunctive relief. The Court construes the complaint as asserting claims under the Fair Housing

Act, the Rehabilitation Act, and under state law. Plaintiffs sue: (1) Yorkhill Housing Inc.

("Yorkhill"), their landlord; (2) First Service Residential, Yorkhill's building-management agent

with respect to Plaintiffs' apartment building; and (3) the New York City Department of Housing,

Preservation, and Development.

To the extent that Plaintiff Miranda asserts claims *pro se* on behalf of Plaintiff Perez, the

Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C.

§ 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law

by a governmental regulatory body, and that by a person representing himself [or herself].'"

*Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of

Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of

another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir.

2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Plaintiff Miranda does not allege

that he is an attorney. Thus, while Plaintiff Miranda can assert his own claims *pro se*, and Plaintiff Perez can assert her own claims *pro se*, Plaintiff Miranda cannot assert claims on behalf of Plaintiff Perez *pro se*. The Court therefore dismisses such claims without prejudice to Plaintiff Perez asserting her own claims in this action *pro se*. Since Plaintiff Perez has filed her signed signature page for the complaint (ECF 8) and her own completed and signed IFP application (ECF 7), the Court construes the complaint as asserting claims by Plaintiff Perez, acting *pro se* on her own behalf, separate from the claims of Plaintiff Miranda asserted *pro se*.

By order dated January 22, 2025, the court granted Plaintiffs' requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service on the defendants.

## DISCUSSION

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to issue a summons for each of

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

the defendants and deliver to the USMS all of the paperwork necessary for the USMS to effect

service of a summons and the complaint on each of the defendants.

If the complaint is not served within 90 days after the date summonses for the defendants

are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682

F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension

of time for service).

Plaintiffs must notify the Court in writing if their addresses change, and the Court may

dismiss the action if they fail to do so.

## CONCLUSION

The Court dismisses without prejudice any claims that Plaintiff Miranda asserts on behalf

on Plaintiff Perez *pro se*. The Court construes the complaint such that Plaintiff Miranda and

Plaintiff Perez are asserting their own respective claims in this action *pro se*.

The Court directs the Clerk of Court to mail information packages to each plaintiff.

The Court also directs service on the defendants.

The Court further directs the Clerk of Court to: (1) issue summonses for the defendants;

(2) complete USM-285 forms with the service addresses for each of the defendants; and

(3) deliver all documents necessary to effect service of a summons and the complaint on each of

the defendants to the USMS.

Parties proceeding *pro se* may submit filings by email to ProSe@nysd.uscourts.gov and

may consent to receive all court documents electronically. The consent to electronic service form

and instructions about filing by email are both available on the court's website at

https://www.nysd.uscourts.gov/prose.

*Pro se* parties who do not wish to submit filings electronically may submit documents by regular mail or in person at the U.S. Courthouses in Manhattan (500 Pearl Street, New York, New York 10007) and in White Plains (300 Quarropas Street, White Plains, New York 10601).

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached.

SO ORDERED.

Dated:    January 31, 2025
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4

## SERVICE ADDRESS FOR EACH DEFENDANT

1.      Yorkhill Housing Inc.
         1540-1550 York Avenue
         New York, New York 10028

2.      First Service Residential
         575 5th Avenue, 9th Floor
         New York, New York 10017

3.      New York City Department of Housing, Preservation, and Development
         100 Gold Street
         New York, New York 10038

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "SDNY" and then click "APPLY FOR HELP" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "Federal Court Case" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call (212) 382-4794, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

**Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

Assisting with the **settlement** process (including **mediation**)

