UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                   :

EVAN MIRANDA and EVELYN PEREZ,        :
                                                                   :          24-CV-9792 (JAV)
                                  Plaintiffs,    :
                                                                   :      ORDER AUTHORIZING
         -v-                                         :      APPOINTMENT OF
                                                                 :      PRO BONO COUNSEL
YORKHILL HOUSING INC., et al.,          :
                                                                   :
                                 Defendants.   :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       Plaintiffs Evan Miranda and Evelyn Perez, who are appearing *pro se* and *in forma pauperis*, filed this action under the Fair Housing Act, the Rehabilitation Act, and state law against Yorkhill Housing Inc.("Yorkhill"), Plaintiffs' landlord; First Service Residential, Yorkhill's building-management agent with respect to Plaintiffs' apartment building; and the New York City Department of Housing, Preservation, and Development.

       Plaintiff Miranda alleges that he is the full-time caretaker for his mother, Ms. Perez, who is 90-years old and has resided in Yorkhill since 1967. ECF No. 43. Plaintiffs allege that Ms. Perez has used a wheelchair since a fall in 2019. *Id.* Miranda, who likewise resides at Yorkhill, alleges that he has a mobility disability, as well as suffers from depression and cancer. *Id.* Plaintiffs allege that Defendants have denied Plaintiffs' requests for reasonable accommodations. Specifically, Plaintiffs allege that Defendants have repeatedly denied their request for an apartment transfer for Ms. Perez to accommodate her disabilities and have

retaliated against Plaintiffs for filing a complaint with the New York Commission on Human Rights, including by attempting to evict Mr. Miranda and seize his parking spot. *Id.* Plaintiffs also allege that Yorkhill has various architectural barriers to accessibility. *Id.*

On March 21, 2025, Plaintiff Evan Miranda submitted a letter to the Court, raising the issue of Evelyn Perez's capacity to represent her own interests in this litigation due to the onset of dementia. ECF No. 17. By Order dated April 1, 2025 (ECF No. 20), the Court indicated that it required more information regarding Ms. Perez's capacity to determine if the appointment of a guardian ad litem may be appropriate under Rule 17(c) of the Federal Rules of Civil Procedure.

The Court directed Plaintiffs "to come forward with medical records evidencing Ms. Perez's diagnoses as they pertain to her ability to prosecute and defend her rights and interests, including, if applicable, a declaration from a treating physician who can attest to Ms. Perez's (1) diagnoses, (2) capacity to make decisions, (3) ability to understand legal proceedings, and (4) any other information relevant to whether she can represent her own interests. If Ms. Perez has already been appointed a guardian or conservator, the submission should identify the individual who has been appointed to act on Ms. Perez's behalf." *Id.*

On April 29, 2025, Plaintiffs submitted a response to the April 1 Order, but it did not contain any medical records or information sufficient to establish that Ms. Perez lacked the mental or physical capacity to protect her interests in this suit. In an Order dated May 13, 2025 (ECF No. 25), the Court granted Plaintiffs an

additional opportunity to submit the requested medical evidence. The Court noted that if such evidence was not received, Ms. Perez would be required to either represent herself in this proceeding or have counsel appear on her behalf.

The Court received a submission under seal from the Plaintiffs on July 22, 2025. The provided documentation is still insufficient for the Court to make a determination as to Ms. Perez's competency, however. Although the submitted assessment does suggest that Ms. Perez may lack the mental and physical capacity to prosecute this case on her own behalf, it is unclear from the face of the document who conducted the assessment and for what purpose. In particular, there is no indication that the assessment was performed by a medical professional, nor does the assessment indicate the nature of the testing and procedures that were employed to reach any of the conclusions set forth in the document.

The Court has determined that a hearing on the issue of Ms. Perez's mental capacity is necessary to determine if appointment of a guardian ad litem is required under Rule 17(c). To assist the Court with this inquiry, the Court will seek *pro bono* counsel to represent Ms. Perez with respect to the contemplated Rule 17(c) hearing.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to authorize *pro bono* counsel for an indigent litigant. *Id.*

Under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

The Court has determined that *pro bono* counsel would be beneficial to the Court, as such counsel can provide a full presentation of relevant evidence on the issue of competence and will ensure that Ms. Perez's rights and interests are protected during this proceeding. *Pro bono* counsel would represent Ms. Perez alone, and not Plaintiff Miranda. Furthermore, the scope of the representation would be limited to the competency issues raised by the Rule 17(c) proceeding. If an attorney volunteers to represent Ms. Perez, they will reach out to her directly. The Court will wait to schedule the Rule 17(c) hearing until *pro bono* counsel enters an appearance.

SO ORDERED.

Dated: September 4, 2025
     New York, New York

                                           JEANNETTE A. VARGAS
                                           United States District Judge